# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| XYNGULAR CORPORATION, a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>MARC SCHENKEL, an individual,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:12cv876<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Paul M. Warner |
| MARC SCHENKEL, an individual,<br><br>    Counterclaimant,<br><br>v.<br><br>XYNGULAR CORPORATION, a Delaware corporation,<br><br>    Counterclaim Defendant. | |
| MARC SCHENKEL, an individual; and MARC SCHENKEL, suing derivatively on behalf of XYNGULAR CORPORATION, a Delaware corporation,<br><br>    Third-Party Plaintiffs,<br><br>v.<br><br>RUDY REVAK, an individual; MARY | |

| JULICH, an individual; STEVE KOLE, an individual; MARC WALKER, an individual; BRUCE JENSEN, an individual; DAN MURPHY, an individual; RUSSELL FLETCHER, an individual; JIM NORTHROP, an individual; ROBERT SPANGLER, an individual; SYMMETRY CORPORATION, a Delaware corporation; and GLOBAL VENTURES MANAGEMENT SERVICES LLC, a Delaware limited liability company, | |
|---|---|
| **Third-Party Defendants.** | |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Robert J. Shelby pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Marc Schenkel's ("Schenkel") motion to compel initial disclosures.[2] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

### I. Schenkel's Motion to Compel

Schenkel moves this court to compel Xyngular Corporation ("Xyngular") and Third-Party Defendants Rudy Revak; Mary Julich; Steve Kole; Marc Walker; Bruce Jensen; Dan

---

[1] *See* docket no. 46.

[2] *See* docket no. 43.

2

Murphy; Russell Fletcher; Jim Northrop; Robert Spangler; Symmetry Corporation; and Global Ventures Management Services, LLC (collectively, "Third-Party Defendants") to provide full and complete initial disclosures. Specifically, Schenkel argues that Xyngular's and Third-Party Defendants' initial disclosures failed to provide him with a copy of or identify the location of discoverable documents as required by rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. Schenkel further asserts that the initial disclosures did not provide him with "a computation of each category of damages," nor have Xyngular and Third-Party Defendants made "available for inspection and copying . . . the documents or other evidentiary material, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). Schenkel contends that Xyngular and Third-Party Defendants failed to disclose individuals they know are likely to have discoverable information relevant to their claims and/or defenses. *See* Fed. R. Civ. P. 26(a)(1)(A)(i). Schenkel asserts that he attempted on three separate occasions to meet and confer with opposing counsel regarding the initial disclosures to no avail.

In response, Xyngular and Third-Party Defendants argue that they have complied with their discovery obligations. Specifically, Third-Party Defendants contend that their initial disclosures identified eleven different potential witnesses and seven categories of documents that may be used to support their defense of the claims Schenkel asserted. Third-Party Defendants indicate that because they have not asserted any claims, as stated in their initial disclosures, they are not seeking any damages. Xyngular maintains that it identified eleven different potential witnesses and indicated that "other individuals . . . who have relevant knowledge will be

identified during the scope of discovery in this case."[3] Xyngular asserts that it identified seven categories of documents that may be used to support their claims and/or defenses. With regard to damages, Xyngular stated that it "has been unable to fully determine the amount of damages to which it is entitled to [recover from] Schenkel" and that a damage determination "will be the subject of discovery in this case, and the calculation of some or perhaps all of those damages will be the subject of expert testimony."[4] Xyngular further indicated that it would continue to supplement its initial disclosures as the case develops.

Xyngular and Third-Party Defendants argue that Schenkel is engaging in discovery gamesmanship and that the three purported attempts to meet and confer were a made at inopportune times or were disingenuous. Xyngular and Third-Party Defendants further assert that they have "extended more than a half-dozen invitations" to discuss on the phone or in person the status of discovery and Schenkel's discovery concerns with no response from Schenkel.[5] Schenkel contends that he also made "numerous" offers to meet and confer by email and telephone but was repeatedly "stonewalled."[6]

Under rule 26(a)(1)(A), parties are required to make initial disclosures prior to receiving a discovery request. The rule provides, in relevant part, that parties must disclose

---

[3] Docket no. 48 at vi.

[4] *Id.* at vii.

[5] *Id.* at iii.

[6] Docket no. 49 at iii-iv.

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
> (ii) a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
> (iii) a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Fed. R. Civ. P. 26(a)(1)(A)(i)-(iii). Furthermore, parties are under a continuing obligation supplement these disclosures. *See* Fed. R. Civ. P. 26(a)(2)(E) and 26(e). Parties are required to make their "initial disclosures based on the information then reasonably available" and they are "not excused from making [their] disclosures because [they have] not fully investigated the case." Fed. R. Civ. P. 26(a)(1)(E).

The court has reviewed the email exchanges and initial disclosures of each party. It is obvious to the court that all of the parties and/or more likely counsel are engaged in discovery gamesmanship, at least to some extent. As the court noted at the status conference last March, this court will not tolerate this type of behavior from counsel or parties. The court cautions all parties that the failure to comply with the initial disclosure requirement, and subsequent supplementation, as well as all other discovery rules, may preclude the admission of undisclosed witnesses and/or evidence.

To the extent they have not done so already, Xyngular and Third-Party Defendants are ordered to supplement their initial disclosures with the specific location of documents and

electronically stored information. For instance, simply stating that the discovery is "located on the server used by Xyngular, on personal computers of some of the individual third-party defendants, and some hard copies of the documents are located in the Xyngular office in San Jose" is not sufficient.[7] Xyngular and Third-Party Defendants should specify which individual Third-Party Defendants have documents on their personal computers. Further, to the extent it has not done so, Xyngular is ordered to supplement its initial disclosures regarding the computation of damages. It does not need to describe in full the amount of damages it believes it suffered; for instance, it is presumably aware of the amount it believes it overpaid Schenkel. Other damage computations may require further investigation and it can reserve the production of those amounts in its supplementation(s).

Based on the foregoing, Schenkel's motion to compel[8] is **GRANTED**.

**IT IS SO ORDERED.**

DATED this 30th day of September, 2013.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[7] Docket no. 43-2.

[8] *See* docket no. 43.