IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| XYNGULAR CORPORATION, a Delaware corporation,<br><br><br>Plaintiff,<br><br>v.<br><br>MARC SCHENKEL, an individual,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:12-CV-00876-RJS-PMW**<br><br><br>**District Judge Robert J. Shelby**<br><br>**Magistrate Judge Paul M. Warner** |

     This matter was referred to Magistrate Judge Paul M. Warner by District Judge Robert J. Shelby pursuant to 28 U.S.C. § 636(b)(1)(A).[1]   Before the court is Plaintiff Xyngular Corporation's ("Plaintiff") motion to compel production of documents by Defendant and Counter-Plaintiff Marc Schenkel ("Defendant").[2]   The court has carefully reviewed the memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

## FACTUAL BACKGROUND

     Judge Shelby authorized discovery in this case regarding allegations of improper conduct,

---

[1] Docket no. 46.

[2] Docket no. 239.

including allegations that Defendant improperly obtained Plaintiff's documents from Ian Swan, an IT consultant and minority shareholder of Xyngular.[3]

Through its discovery requests, Plaintiff requested copies of all documents provided by Plaintiff to government agencies.[4]   Defendant previously filed a complaint with the Federal Bureau of Investigation ("FBI") alleging improper and/or illegal conduct by Plaintiff.  Defendant represents that the universe of responsive documents is two emails he exchanged with the FBI.[5] Defendant contends that the documents provided to the FBI are protected from disclosure by the government informant privilege.

After Defendant failed to produce documents, Plaintiff filed a Freedom of Information Act request with the FBI seeking Defendant's submissions.[6]   The FBI responded with a form letter stating that the FBI could not confirm or deny the existence of any such documents due to privacy concerns.[7]   The FBI stated that it required authorization and consent from Defendant to process the request.[8]

Plaintiff's current motion seeks an order compelling Defendant to turn over responsive documents in its possession and to sign the necessary authorization and consent.[9]   In addition, Plaintiff requests that the court order Defendant to turn over "[a]ny communications [Defendant]

---

[3] *See* docket no. 239-6.

[4] Docket no. 239.

[5] Docket no. 253 at iii.

[6] Docket no. 239-7.

[7] Docket no. 239-8.

[8] *Id.*

[9] Docket no. 239.

has had with the FBI as they relate to his claimed activity as a whistleblower."[10]   Defendant contends that the documents sought are protected from disclosure under the government informant privilege.[11]

## ANALYSIS

Under rule 26(b) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."  Fed. R. Civ. P. 26(b)(1).  "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion."  *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

"What is usually referred to as the informer's privilege is in reality the *Government's* privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law."  *Roviaro v. United States*, 353 U.S. 53, 59, (1957) (emphasis added); *see also Bernard v. Ray*, 246 F. App'x 553, 555 (10th Cir. 2007) ("The *government* has long had the authority to withhold the identity of informants." (emphasis added)); *United States v. Mendoza-Salgado*, 964 F.2d 993, 1000 (10th Cir. 1992) ("[T]he *government* enjoys a privilege to withhold from disclosure the identity of persons who furnish law enforcement officers with information on criminal acts." (emphasis added)); *Usery v. Local Union 720, Laborers' Int'l Union of N. Am., AFL-CIO*, 547 F.2d 525, 527 (10th Cir. 1977) ("The *government* is privileged to withhold from disclosure the identities of persons furnishing information of law violations to law enforcement officers." (emphasis added)); *Perez v. El*

---

[10] *Id.*

[11] Docket no. 253.

*Tequila LLC*, No. 12-CV-588-JED-PJC, 2014 WL 5341766, at *3 (N.D. Okla. Oct. 20, 2014) ("The informer's privilege is an evidentiary privilege permitting *the Government* to withhold the names of persons who provide it with information about crimes or possible violations of the law. (emphasis added)).

The government informant privilege is not an absolute privilege. "[W]here the disclosure of the contents of a communication will not tend to reveal the identity of an informer, the contents are not privileged. Likewise, once the identity of the informer has been disclosed to those who would have cause to resent the communication, the privilege is no longer applicable." *Rovario* at 60. "[A]n informant's identity must be revealed whenever it would be relevant and helpful to an accused's defense or essential to a fair determination of a cause." *United States v. Moralez*, 908 F.2d 565, 567 (10th Cir. 1990) (citing *Roviaro* at 60-61).

The Tenth Circuit routinely applies the Supreme Court's *Roviaro* analysis in assessing invocations of government informant privilege and has noted that "we are guided by *Roviaro*." *United States v. Mathis*, 357 F.3d 1200, 1208 (10th Cir. 2004). Under the plain language of *Roviaro* and numerous Tenth Circuit opinions, the privilege must be invoked by a government actor. *See Roviaro,* 353 U.S. at 59. Defendant cites no binding precedent that would permit a non-governmental party to invoke the government informant privilege.

Defendant's contention that the FBI invoked the government informant privilege here is unfounded and unavailing.[12] The FBI's letter appears to be a routine form letter sent to anyone inquiring about information relating to a private individual. Nothing in the letter shows any consideration of the specific case. Moreover, the letter itself does not reference "informant" or

---

[12] Docket no. 253 at 2.

"privilege."   Rather, the response states that it is part of a general policy of preventing an "unwarranted invasion of personal privacy."  5 U.S.C. § 552 (b)(6) and 5 U.S.C. § 552 (b)(7)(c).

Finally, the purpose of the government informant privilege is to protect the identity of the informant.  Once the identity of the informant is known, the information is no longer privileged. In this case, Defendant and Mr. Swan are known to be the purported informants, and Defendant provides no substantive evidence of other, unknown informants that might face retaliation should Defendant's exchanges with the FBI be disclosed.

## CONCLUSION

Based on the foregoing, Plaintiff's motion to compel is **GRANTED**.  Within fourteen days of the date of this order, Defendant is ordered to produce documents and information responsive to requests for production nos. 1, 4, and 15 and interrogatory no. 1.

Plaintiff shall prepare for Defendant's signature any paperwork required by the FBI for release of the records.  Defendant shall sign and return the authorization paperwork within five days of receipt of the authorization paperwork from Plaintiff.  If necessary, Defendant shall cooperate with Plaintiff and perform any other actions reasonably necessary for Plaintiff to obtain the records from the FBI.  Nothing herein shall be deemed to require the FBI to respond or produce documents: the FBI may, as appropriate, invoke the government informant privilege or any other available privilege or protection.

**IT IS SO ORDERED**.

DATED this 30th day of March, 2016.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge